IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JOSEPH PATRICK BROWN**                                **PETITIONER**

**VS.**                                                            **CIVIL ACTION NO.: 5:12CV91HSO**

**MARSHALL L. FISHER, Commissioner,**
**Mississippi of Corrections; EARNEST LEE,**
**Superintendent, Mississippi State Penitentiary**
**at Parchman, Mississippi**                                  **RESPONDENTS**

## ORDER GRANTING MOTION TO STAY
## AND ADMINISTRATIVELY CLOSING CASE

This matter came before the Court on the Petitioner's Motion to Stay and Abate Pending State Court Successive Petition. This is his second request to stay this case so that he can return to state court and exhaust claims of ineffectiveness of counsel. The Court first stayed this case on August 4, 2014, upon the Petitioner's representation that he intended to file a successive petition for post-conviction relief in state court. When no petition had been filed by June 15, 2015, this Court lifted the stay, but without prejudice to the Petitioner's seeking a second stay upon presenting evidence that he had filed an action in state court. The Motion currently before the Court is accompanied by a pleading filed in the Mississippi Supreme Court entitled, "Notice of Intent to File Successive Petition for Post-Conviction Relief, Motion for Appointment of Counsel, Motion for Appointment of Judge, and Motion for Circuit Court Jurisdiction over Discovery Matters." The Respondents oppose the Motion to Stay, on grounds that there is still no post-conviction petition filed in state court, and on grounds that federal habeas counsel did not file the Notice of Intent.

The Court shares the Respondents' concern that, over a year after it originally stayed this case so that a successive post-conviction petition could be filed, no such pleading has been submitted in

state court. The Petitioner's counsel, however, has represented to this Court that the pleading is being formulated. Additionally, the Court has reviewed the Notice of Intent filed with the Mississippi Supreme Court and notes that it sets out in more detail the actions that counsel have taken toward preparing the petition. The Notice also asks for affirmative relief from the Mississippi Supreme Court, in the form of appointing counsel and appointing a judge to oversee discovery and preside over the case. According to the state court docket, the Mississippi Supreme Court has entered a Notice of Retention. For these reasons, the Court is assured that the case will not continue to lie fallow and that the Mississippi Supreme Court will dispose of the post-conviction petition in due course.

The Court is not persuaded that the Petitioner's efforts in state court should be discounted because he is being represented there by Mississippi's Office of Capital Post-Conviction Counsel, rather than by the attorneys appointed for him in this proceeding. As the Respondents have pointed out, 18 U.S.C. § 3599(e) requires counsel appointed in a capital habeas case in this court to "represent the defendant throughout every subsequent stage of available judicial proceedings." Those proceedings include post-conviction processes; however, the statute permits federal habeas counsel to be "replaced by an attorney similarly qualified . . . upon motion of the defendant . . . ." In this case, the Petitioner has moved the Mississippi Supreme Court to appoint attorneys from the Office of Capital Post-Conviction Counsel. Those attorneys are "similarly qualified;" in fact, the *Guide to Judiciary Policy*, § 620.70(a), encourages this Court to "continue the appointment of state post-conviction counsel" to the federal habeas proceedings. In this case, no one from the Office of Capital Post-Conviction Counsel moved for appointment in these proceedings; nonetheless, this Court takes no issue with that Office representing the Petitioner in state court.

Finally, this case was filed in 2012, and it is not likely to be ready for review by this Court for many months. For that reason, the Court is inclined to administratively close the case, rather than to simply stay it, at this point. If the Mississippi Supreme Court ultimately grants relief to the Petitioner, no purpose would have been served by leaving this case on the Court's docket. If, however, the Petitioner does not get relief in state court, this case can be re-opened and may proceed to disposition. The filing date for the habeas petition will remain the same, so the Petitioner will not be prejudiced by the passage of time, so long as he moves to reopen this case within the time frame set by the Court.

IT IS, THEREFORE, ORDERED, as follows:

1. The Petitioner's Motion to Stay and Abate Pending State Court Successive Petition [Doc. #37] is hereby **granted**;

2. The Clerk is directed to administratively close this case. This closure is without prejudice to the Petitioner's right to request that the case be reopened after completion of his post-conviction proceedings in state court.

3. The Petitioner shall request that this case be reopened within ninety days after the final order or judgment disposing of his post-conviction proceedings in state court.

IT IS SO ORDERED, this the 2nd day of September, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BLAYDE GRAYSON**                                          **PETITIONER**

**V.**                                   **CAUSE NO. 1:04-CV-00708-CWR**

**CHRISTOPHER EPPS, COMMISSIONER OF**
**THE MISSISSIPPI DEPARTMENT OF**                      **RESPONDENTS**
**CORRECTIONS, ET AL.**

### ORDER STAYING CASE

The above-styled matter is before the Court on the motion to stay[1] of petitioner Blayde Grayson. Specifically, Grayson asks the Court to defer further consideration of his petition for writ of *habeas corpus*[2] until the Mississippi Supreme Court addresses issues presented in a successive petition for post-conviction relief.[3] The respondents have informed the Court that they do not oppose the motion.[4] Therefore, the petitioner's motion is granted. This matter is stayed pending the final adjudication of the successive petition for post-conviction relief to which Grayson refers in his motion to stay. The petitioner shall notify this Court within 30 days of the Mississippi Supreme Court's final adjudication of that petition.

SO ORDERED this Eleventh day of May 2012.

                                                     /s/ *Carlton W. Reeves*
                                                     Hon. Carlton W. Reeves
                                                     United States District Court Judge

---

[1] Motion to Hold Petition in Abeyance Pending Exhaustion of Available State Court Remedies (hereinafter "Motion to Stay") [Docket No. 32].

[2] Petition for Writ of Habeas Corpus by a Prisoner in State Custody [Docket No. 8].

[3] Motion to Stay at 1-2.

[4] Response to the Motion to Stay or Abey Proceedings on the Pending Habeas Corpus Petition [Docket No. 34] at 1.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**KELVIN JORDAN**  **PETITIONER**

**VS.**  **CIVIL ACTION NO. 4:06CV69TSL**

**CHRISTOPHER B. EPPS, Commissioner,**
**Mississippi Department of Corrections and**
**LAWRENCE KELLY, Superintendent,**
**Mississippi State Penitentiary**  **RESPONDENTS**

## ORDER STAYING CASE

This cause came before the Court on Kelvin Jordan's Motion for Leave to File Supplemental Authority Memorandum under *Martinez v. Ryan* to Rebut State's Assertion of Procedural Default. The Court is aware of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and its holding, based on Arizona's appellate rules, that ineffectiveness of post-conviction counsel may constitute cause to overcome a defaulted claim of ineffectiveness of trial counsel. The Fifth Circuit has refused to apply *Martinez* to cases from Texas and Louisiana, on grounds that the appellate procedures in those states are materially different. That court has not issued an opinion in a case from Mississippi. The Court is also aware that the United States Supreme Court has granted certiorari on one of the Texas cases. *Trevino v. Thaler*, 11-10189. *Trevino* was recently argued in the Supreme Court, and a decision should be forthcoming. That ruling may impact this Court's consideration of some of the claims in Jordan's Petition.

This Court additionally understands that the Mississippi Supreme Court is considering petitions for leave to file successive post-conviction petitions filed by three people who have capital habeas cases pending before this Court. *Grayson v. State*, 2012-DR-59; *Walker v. State*, 2012-DR-102; and *Le v. State*, 2013-DR-00327. Each of these cases seeks an opportunity to exhaust claims

in state court that were defaulted by post-conviction counsel. *Grayson* has been fully briefed and submitted to the court; the briefing in *Walker* should be completed shortly. A grant of relief in any of those cases might signal the Mississippi Supreme Court's willingness to consider similar claims in other cases.

For all of these reasons, the Court is of the opinion that further proceedings in this case should be stayed pending the outcome of *Trevino* in the United States Supreme Court. At that time, the Court will decide whether a briefing schedule should be set for submission of further arguments related to Jordan's habeas petition and enter any appropriate orders.

IT IS, THEREFORE, ORDERED that this matter is stayed until further order of this Court.

IT IS SO ORDERED this the 21st day of March, 2013.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**STEVE KNOX**                                                               **PETITIONER**

**VS.**                                                        **CIVIL ACTION NO. 3:05CV360DPJ**

**CHRISTOPHER B. EPPS, Commissioner,**
**Mississippi Department of Corrections and**
**LAWRENCE KELLY, Superintendent,**
**Mississippi State Penitentiary**                                **RESPONDENTS**

## ORDER STAYING CASE

This cause came before the Court on Steve Knox's Notice of Additional Authority [42], by which he asks the Court to consider *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The State filed no response, and the Court concludes that this matter should be stayed for the reasons that follow.

Knox raises a number of claims in his Petition that his post-conviction counsel failed to raise before the Mississippi Supreme Court. He therefore looks to *Martinez*, which held—based on Arizona's appellate rules—that ineffectiveness of post-conviction counsel may constitute cause to overcome a defaulted claim of ineffectiveness of trial counsel. The question though is whether Mississippi's appellate rules lend themselves to the *Martinez* holding. And though the Fifth Circuit Court of Appeals has never answered that question, it has refused to apply *Martinez* to cases from Texas and Louisiana, on grounds that the appellate procedures in those states are materially different from those in *Martinez*.

But the Fifth Circuit's holdings are now in doubt given the United States Supreme Court's decision to grant certiorari in *Trevino v. Thaler,* 11-10189, "to address precisely the question whether *Martinez* applies to habeas cases arising from Texas courts." *Haynes v. Thaler*,

133 S. Ct. 639 (2012). *Trevino* was recently argued, and a decision should be forthcoming. That ruling may impact the status of Knox's unexhausted claims.

This Court additionally understands that the Mississippi Supreme Court is considering petitions for leave to file successive post-conviction petitions filed by three people who have capital habeas cases pending before this Court. *Grayson v. State*, 2012-DR-59; *Walker v. State*, 2012-DR-102; and *Le v. State*, 2013-DR-00327. Each of these cases seeks an opportunity to exhaust claims in state court that were defaulted by post-conviction counsel. *Grayson* has been fully briefed and submitted to the court; the briefing in *Walker* should be completed shortly. A grant of relief in any of those cases might signal the Mississippi Supreme Court's willingness to consider similar claims in other cases.

For all of these reasons, further proceedings in this case should be stayed until further order of this Court. After *Trevino* is decided, the Court will determine whether a briefing schedule should be set for submission of further arguments related to Knox's habeas petition.

IT IS, THEREFORE, ORDERED that this matter is stayed until further order of this Court.

**SO ORDERED** this the 19th day of March, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**THONG LE**                                                     **PETITIONER**

**VS.**                                         **CIVIL ACTION NO. 1:07CV1128LG**

**CHRISTOPHER EPPS, Commissioner, Mississippi**
**Department of Corrections and JIM HOOD,**
**Attorney General, State of Mississippi**                       **RESPONDENTS**

### ORDER STAYING CASE

This matter came before the Court on Petitioner's Motion to Hold Petition in Abeyance Pending Exhaustion of Available State Court Remedies [44]. The basis for the Motion is Petitioner's pending petition for leave to file a successive post-conviction petition in state court. The petition seeks judicial review of claims of ineffectiveness of counsel. Those claims were raised in the habeas petition currently before this Court. Respondents maintain that one of the claims has already been exhausted in state court; however, they concede that the other claim is unexhausted. Respondents oppose staying this case, however, because claims brought in a petition for a successive writ are barred from review under state law. Miss. Code Ann. § 99-39-27(9) (1972 & Supp. 2012).

Respondent's assertion mirrors this Court's understanding of state law prior to the Mississippi Supreme Court's decision in *Grayson v. State*, No. 2012-DR-59, 2013 WL 1668981 (Miss. Apr. 18, 2013). In its opinion on that case, the court reviewed a successive post-conviction petition alleging ineffectiveness of post-conviction counsel, holding, "[T]oday we make clear that PCR petitioners who are under a sentence of death do have a right to the effective assistance of PCR counsel." *Id.*, 2013 WL 1668981 at *5. Grayson's conviction and sentence were affirmed on direct appeal in 2001, and his original post-conviction petition was denied in 2004. In making this

decision, the Mississippi Supreme Court has announced its intent to review claims of ineffectiveness of post-conviction counsel in successive petitions, years after the initial post-conviction petition was decided. This Court cannot say with any authority that there is a distinction between Blayde Grayson's case and Thong Le's case that would preclude review of Le's successive petition.

For all of these reasons, the Court is of the opinion that further proceedings in this case should be stayed pending the outcome of Le's case in the Mississippi Supreme Court. At that time, the Court will decide whether a briefing schedule should be set for submission of further arguments related to Le's habeas petition and enter any appropriate orders.

IT IS, THEREFORE, ORDERED that this matter is stayed until further order of this Court.

IT IS SO ORDERED, this the 9th day of July, 2013.

s/ Louis Guirola, Jr.
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JUSTIN UNDERWOOD**                                                   **PETITIONER**

**VS.**                                                                          **CIVIL ACTION NO. 3:06CV273DPJ**

**CHRISTOPHER EPPS and SUPT.**
**LAWRENCE KELLY, Superintendent,**
**Mississippi State Penitentiary**                                        **RESPONDENTS**

## ORDER STAYING CASE

This matter came before the Court on the Petitioner's Motion for Access, by which he seeks an order allowing his retained expert, a psychologist, to conduct an evaluation. The basis for the request is Underwood's contention that he has potentially meritorious claims of ineffectiveness of state post-conviction counsel, and the psychological evaluation is necessary to support those claims. As grounds for his Motion, he cites the recent United States Supreme Court cases of *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), as well as the recent state court opinion in *Grayson v. State*, 118 So. 3d 118 (Miss. 2013). Each of these cases recognized that ineffectiveness of post-conviction counsel may establish cause to permit review of unexhausted claims. In *Grayson*, the Mississippi Supreme Court went even further and specifically recognized a right to effective post-conviction counsel. 118 So. 3d at 126.

Underwood has also suggested that his case in this Court be stayed until such time as he can seek relief in state court pursuant to *Grayson*. To that end, he has filed a Stipulation of Intent to Seek Review in State Court, by which he has notified the Court that he intends to file a successive post-conviction petition. For that reason, the Court is of the opinion that further

proceedings in this case should be stayed pending the outcome of Underwood's state-court case. Because Underwood's motion for access is more appropriately directed to the state court, it will be denied without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Access [Doc. #88] is hereby **denied**.

**IT IS FURTHER ORDERED** that this case be removed from the Court's active docket and that Petitioner notify the Court within thirty days of a final adjudication of his request to file a successive petition in state court.

**SO ORDERED AND ADJUDGED** this the 18th day of September, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ALAN DALE WALKER**                                                     **PETITIONER**

**VS.**                                         **CIVIL ACTION NO. 1:97CV29KS**

**CHRISTOPHER B. EPPS, Commissioner,**
**Mississippi Department of Corrections and**
**LAWRENCE KELLY, Superintendent,**
**Mississippi State Penitentiary**                           **RESPONDENTS**

## ORDER STAYING CASE

This cause is before the Court on several post-judgment motions filed by Petitioner, seeking relief from the Judgment previously entered in this case, or, alternatively, an order staying this case pending the resolution of pending litigation in state court. The Court is aware that the Mississippi Supreme Court has entered a briefing schedule for the case that was initiated by Walker's motion for leave to file a successive post-conviction petition in that court. *Walker v. State*, 2012-DR-102SCT. Should that court grant Walker's request for relief, the procedural posture of the case in this Court could be drastically altered. For this reason, the Court is of the opinion that further proceedings in this case should be stayed pending the outcome of that litigation.

The Court is also aware that the United States Supreme Court has granted certiorari on a decision of the Fifth Circuit that refused to apply the rationale of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to a case from Texas. That case, *Trevino v. Thaler*, 11-10189, presents the issue of whether the ineffective assistance of state habeas counsel, who failed to raise a claim of ineffective assistance of trial counsel, established cause for the default. This Court recognized *Martinez* in its Opinion in Walker's case, but held that it would not apply to a case out of Mississippi. A grant of relief in *Trevino* might cast doubt on the correctness of that holding.

For these reasons, this case will be stayed pending the final adjudication of Walker's motion to file a successive petition for post-conviction relief. Walker shall notify this Court within thirty days of the Mississippi Supreme Court's final adjudication of that motion. At that time, the Court will set a briefing schedule for submission of further arguments on the pending Motions in this Court.

IT IS, THEREFORE, ORDERED that this matter is stayed until the final adjudication on *Walker v. State*, 2012-DR-102SCT, in the Mississippi Supreme Court.

IT IS SO ORDERED this the 21st day of February, 2013.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE