IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CLYDE WENDELL SMITH**                                                      **PETITIONER**

**V.**                                    **CIVIL ACTION NO. 4:17-CV-00087-SA**

**BURL CAIN,**
**Commissioner, Mississippi Department of Corrections, and**
**LYNN FITCH,**
**Mississippi Attorney General**                                     **RESPONDENTS**

## ORDER DENYING RESPONDENTS' MOTION TO LIFT STAY

This matter comes before the Court on Respondents' Motion [60] to Lift Stay. Petitioner has responded to the motion and Respondents have filed a reply in support of said motion. Doc. #s 62, 64. Thus, the matter is ripe for resolution. For reasons that follow, the Court finds that Respondents' motion should be denied at this time.

## Relevant Procedural History in Federal Court

Petitioner Clyde Wendell Smith, a state prisoner under sentence of death, timely filed his federal habeas corpus petition on August 24, 2017, asserting sixteen (16) claims for habeas review. Doc. # 3. On December 13, 2018, Petitioner moved to stay and abey these proceedings so that he could assert unexhausted claims included in his federal habeas petition in state court. Doc. # 53. Specifically, Petitioner sought leave to exhaust the following claims:

> XI: Trial counsel were ineffective for failing to investigate and present mitigating evidence at the penalty phase;
>
> XIV: Smith was denied his Sixth Amendment right to effectuate assistance of conflict-free counsel at trial because his trial attorney, Wallace Stuckey, was acting under the influence of an actual conflict that adversely affected his performance at trial;
>
> XV-A: Smith's death sentence is based, in part, on a prior conviction vacated after trial, in violation of the Eighth Amendment;
>
> XV-B: Petitioner's death sentence was based on invalid aggravating factors because a mandatory bifurcated hearing was not conducted in his aggravated assault trial in Case No.

4698 prior to his being sentenced to life without parole as a habitual offender, and those convictions were used as aggravating factors for the death penalty; and

XVI: Cumulative Error.

Doc. # 53.

After Respondents failed to file a response to Petitioner's motion, the Court entered an Order on January 2, 2019, granting Petitioner's Motion to Stay. Doc. # 55. In that Order, the Court specifically found good cause existed under *Rhines*[1] to stay these proceedings and hold them in abeyance. *Id.* Consequently, this case has been stayed since that time.

### State Court Post-Conviction Proceedings

A little over nine months after the Court stayed these proceedings, on September 27, 2019, Petitioner's federal habeas counsel moved for appointment of state post-conviction counsel in the Mississippi Supreme Court. *See* Motion for Appointment of Counsel for Representation of Indigent Capital Petition for Successive Post-Conviction Relief Petition, *Smith v. State*, No. 2019-DR-01492-SCT (Miss. Sept. 30, 2020); *see also* Doc. #s 61, p. 7; 63, p. 5. The Mississippi Supreme Court granted the motion a year later, on September 30, 2020, when it entered an order appointing three attorneys to represent Petitioner: Greg Spore of the Mississippi Office of Capital Post-Conviction Counsel and David Calder and Marie Donnelly (pro hac vice).[2] *See* Order, *Smith*, No. 2019-DR-01492-SCT (Miss. Sept. 30, 2020); *see also* Doc. #s 61, p. 7; 63, p. 5.

To date, no motion for leave to proceed in the trial court with a successive petition for post-conviction collateral relief has been filed by Petitioner. Apart from the appointment of counsel, the only activity in Petitioner's state post-conviction proceedings has been two status updates provided by counsel at the request of the Mississippi Supreme Court Clerk. *See* Status Update

---

[1] *Rhines v. Weber*, 544 U.S. 269, 274 (2005).
[2] Calder and Donnelly are also Petitioner's appointed federal habeas counsel. *See* Doc. # 2.

2

Request(s), *Smith*, No. 2019-DR-01492-SCT (Mar.15, 2022), (Jan. 27, 2023); *see also* Doc. # 63, p. 5.

In response to the first status update request, Petitioner's counsel advised that "the investigation stalled significantly during the pandemic", that counsel Calder had been "unable to go into the community or to see [Petitioner] due to a pre-existing medical condition", and additionally that "staff members of the Mississippi Office of Capital Post-Conviction Counsel [] who were initially assigned to th[e] case [were] no longer employed." *See* Response to Status Request-Krissy C. Nobile, Esq. Obo Clyde Wendell Smith, *Smith*, No. 2019-DR-01492-SCT (Mar. 29, 2022); *see also* Doc. # 63, p. 5. Petitioner's response to the second status request largely repeated the same assertions set forth above but also advised that counsel had "contracted with an investigator/mitigation specialist located in Mississippi and has expert visits scheduled with [Petitioner] the first week of March." *See* Response to Status Request-Krissy C. Nobile, Esq. obo Clyde Wendell Smith, *Smith*, 2019-DR-01492-SCT (Mar. 7, 2023); *see also* Doc. # 63, p. 5-6.

## **Respondents' Motion to Lift Stay**

Respondents moved to lift the stay on April 10, 2023. Doc. #s 60, 61. In support, Respondents point out that Petitioner has "yet to initiate a successive post-conviction action" in state court and opine that Petitioner "has done almost nothing to advance these proceedings in more than four years." Doc. # 61 at 5. In Respondents' view, Petitioner's alleged lack of diligence and inactivity in state court compel this Court to lift the stay currently in place. *Id.*

The Court acknowledges, as Respondents assert, that more than four years have passed since this Court entered the stay and that, to date, no successive petition for post-conviction relief has been filed by Petitioner in state court. This acknowledgment, however, does not ipso facto necessitate the relief requested. As stated above, the Mississippi Supreme Court did not grant

3

Petitioner's motion to appoint counsel until September 30, 2020, a year *after* the motion was filed, and Petitioner could not have filed a petition until after that appointment had been made.

Moreover, it bears noting that the COVID-19 pandemic took its hold of this country beginning as early as Spring of 2020[3], necessitating shut-downs and greatly impacting counsel's ability to travel and engage in in-person contact with Petitioner, Petitioner's family, former counsel, and other relevant witnesses. As such, it cannot be sincerely disputed that the COVID-19 pandemic made it difficult for Petitioner's counsel to complete a competent and thorough investigation needed to prepare Petitioner's successive petition for post-conviction relief. *See Chamberlin v. Fitch*, 2:11-CV-00072-CWR, Order # 117, p. 4 ("Much of the reason for the recent delay is the difficulty in conducting an investigation during the pandemic; a situation that has affected almost all of the cases on this Court's docket.") (S.D. Miss. June 1, 2022).[4] Thus, the Court cannot place the blame in its *entirety* on Petitioner's counsel for the slow pace of the state-court post-conviction proceedings.

Respondents further support their motion with authority from a different circuit that is largely inapposite to the circumstances here. In *Gardner v. Luna*, the Ninth Circuit affirmed a district court's decision to lift a stay that had been entered "nearly six years ago" when the Petitioner was granted leave to exhaust Confrontation Clause and Due Process claims, but instead the only claim he asserted in state court was a Sixth Amendment claim for ineffective assistance of counsel. 668 F. App'x 265, 266 (9th Cir. 2016). *Gardner* is easily distinguishable as this case was stayed a little over four years ago, with the appointment of counsel having been made during

---

[3] United States President Trump declared a nationwide emergency due to COVID-19 on March 13, 2020. *See* https://www.cdc.gov/museum/timeline/covid19.html#:%7E:text=March%2015%2C%202020,the%20spread%20of%20COVID%2D19 (last accessed May 8, 2023).

[4] The petitioner in *Chamberlin*, like Petitioner here, is a state prisoner under sentence of death pursuing federal habeas relief. *See Chamberlin v. Fitch*, 2:11-CV-00072-CWR, Doc. # 1 Motion for Appointment of Counsel (S.D. Miss. Mar. 28, 2011).

the height of the COVID-19 pandemic. Additionally, in *Gardner,* the petitioner failed to assert the claims for which he was granted a stay and leave to exhaust, while the same cannot be said in this case. Moreover, the Ninth Circuit did not hold that the district court should have lifted the stay or that a stay was otherwise inappropriate; rather, it merely concluded that the district court did not abuse its discretion in granting the motion to lift the stay. *See Gardner*, 668 F. App'x at 266. In short, *Gardner* hardly stands for the proposition that the circumstances presented here warrant the relief requested.

Lastly, Respondents *seemingly* argue that the *Rhines* standard was not met because, according to Respondents, Petitioner's unexhausted claims are plainly without merit. The Court will not now, more than four years after the stay was entered, reassess the merits of Petitioner's motion to stay, particularly when Respondents chose not to oppose the motion. Moreover, the Court unequivocally found that the *Rhines* standard had been satisfied in its Order granting Petitioner's motion.[5] *See* Doc. # 55.

In sum, the Court finds that Respondents have failed to demonstrate that lifting the stay in this matter is appropriate at this time, as lifting the stay now could significantly prejudice Petitioner, depriving him a full opportunity to pursue exhaustion of his claims in state court. The Court, however, is sympathetic to Respondents' frustration at this case being stalled, and finds that Petitioner *must* take active steps going forward to pursue exhaustion of the claims identified above. The Court is mindful that once the motion is filed in the Mississippi Supreme Court, that court controls its advancement on the docket. The Court will require periodic updates and any unexhausted claims may be subject to dismissal if there is evidence of deliberate delay.

---

[5] Under *Rhines*, a stay and abeyance of federal habeas proceedings is warranted only when the petitioner demonstrates: (1) good cause for failure to exhaust his claims; (2) that the unexhausted claims are potentially meritorious; and (3) that petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 278. In granting Petitioner's motion to stay, the Court found these criteria had been met.

## **Conclusion**

Based on the foregoing discussion, the Court finds that Respondents' Motion [60] to Lift Stay in not well-taken and is, therefore, **DENIED**. The Court further finds the following deadlines are appropriate:

(1) Within ninety (90) days of the date of this Order, Petitioner must file a motion for leave to proceed in the trial court with a successive petition for post-conviction relief;

(2) Petitioner must submit regular status reports beginning when the motion for leave to proceed in the trial court is filed and continuing every ninety (90) days thereafter until resolution of the state court litigation;

(3) Petitioner must file a motion to lift the stay in this federal case within sixty (60) days of the resolution of the state court proceedings; and

(4) Should Petitioner need additional time to file his motion in state court, Petitioner must move for an extension in this Court *before* the deadline and must state in detail the reasons why he, despite the exercise of due diligence, will be unable to comply with the deadline.

**SO ORDERED**, this the 14th day of June, 2023.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**